Mr. Raymond M. Weber Prosecuting Attorney Ste. Genevieve County County Courthouse Ste. Genevieve, Missouri 63670
Dear Mr. Weber:
This letter is in response to your opinion request asking as follows:
 "WITH REGARD TO HOUSE BILLS 1090 and 1209 and Section 53.135 Missouri Revised Statutes, providing for the reimbursement for actual and necessary miles traveled by an Assessor payable upon filing of a statement with the County Court, does the County Court have the authority to require that said statement include an itemized daily listing of actual and necessary miles traveled."
Amended Section 53.135, RSMo, provides as follows:
 "The county assessor in counties of the third and fourth classes shall be allowed a reimbursement for actual and necessary travel expenses incurred in the performance of his official duties within the county at the rate of fifteen cents per mile, payable monthly upon the filing of a statement by the assessor with the county court showing the actual and necessary miles traveled during the month, except that the total reimbursement received by any assessor in one year shall not exceed two thousand two hundred fifty dollars, to be paid out of the county treasury."
As can readily be seen the only change which was effected by this amendment was to raise the payments for mileage to fifteen cents per mile from eight cents per mile and to raise the maximum reimbursement from twelve hundred dollars to two thousand two hundred fifty dollars in one year.
In Jackson County v. Fayman, 44 S.W.2d 849, 852 (Mo. 1931), the Supreme Court of Missouri stated with respect to the powers of the county court:
 "By our Constitution, county courts are created and are given jurisdiction to transact all county business. Article 6, § 36. [Art. VI, § 7, 1945 Mo. Const.] By statute, section 2078, R.S. 1929, [§ 49.270, RSMo] such courts are given power `to audit and settle all demands against the county.' And section 12162, R.S. 1929, [§ 50.160, RSMo] provides that `the county court shall have power to audit, adjust and settle all accounts to which the county shall be a party; to order the payment out of the county treasury of any sum of money found due by the county on such accounts.' The county court, when it ascertains any sum of money to be due from the county, shall order the clerk to issue a warrant in a prescribed form. Section 12163, R.S. 1929 [§ 50.180, RSMo]. . . ."
In our Opinion No. 50, dated March 5, 1964, to Henry, this office interpreted the provisions of this section and concluded that in order for the assessor to obtain payment for travel expenses he must have incurred them in the actual performance of his duties. Therefore, it is clear that not all travel expenses claimed by the assessor would be reimbursable under such section.
In answer to your question, we are of the view that the county court does have the authority to require that the assessor's travel statement include an itemized daily listing of actual and necessary miles traveled and such other information as may be reasonably calculated to aid the county court in the performance of its duty to manage all county business as prescribed by law, pursuant to Section 7, Article VI of the Missouri Constitution.
Very truly yours,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. Ltr. No. 50 3-5-64, Henry